IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE LAMAR PRICE, | ) | |
| Petitioner, | ) | Civil Action No. 15-cv-131 Erie |
| | ) | |
| v. | ) | District Judge Barbara Rothstein |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MONICA RECKTENWALD, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus filed by the Petitioner, Andre Lamar Price, be dismissed because he failed to exhaust his available administrative remedies.

### II.  REPORT

In his petition for a writ of habeas corpus [ECF No. 5], which he filed pursuant to 28 U.S.C. § 2241, the Petitioner contends that the Bureau of Prisons (the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, United States v. Wilson, 503 U.S. 329 (1992), erred in computing his federal sentence. Specifically, he claims that he is entitled to an additional 9 months and 18 days of credit for time he served in official detention from February 17, 2012 to November 20, 2012. In the answer [ECF No. 10], the Respondent contends that the Court should dismiss the petition because the Petitioner did not exhaust his available administrative remedies. The Petitioner did not file a reply to counter the Respondent's argument. See LCvR 2241(D)(2) ("the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Response.").

1

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. Thus, this Court has jurisdiction under § 2241 to consider the Petitioner's claim that the BOP erred in computing his sentence.

### B. Discussion

In order to obtain federal habeas relief under 28 U.S.C. § 2241, a federal prisoner must have first exhausted the BOP's administrative remedies. See, e.g., Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)). The administrative remedy procedure is set forth at 28 C.F.R. § 542.10 *et seq.*, and provides formal review of any complaint that relates to any aspect of the inmate's confinement. Under this process, inmates are encouraged to first attempt resolution of their complaints informally by addressing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. A record of that attempt is signed by the inmate and a member of the Unit Team. Id. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within fifteen days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director within 20 days of the date of the Warden's

2

response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he or she may file a Central Office Appeal with the BOP's Office of General Counsel in Washington, D.C. within 30 days of the date of the Regional Director's response. 28 C.F.R. § 542.15. Appeal to the Office of General Counsel is the final administrative appeal in the BOP.

The exhaustion requirement is mandated because it promotes the important goals of: (1) providing the BOP with the opportunity to correct its own errors before the federal court becomes involved, thus fostering administrative autonomy; (2) permitting the BOP to grant the relief requested if such relief is warranted, which conserves judicial resources; and, (3) allowing the BOP the opportunity to develop a factual record and apply its expertise, which facilitates judicial review in the event such review is required. See, e.g., Moscato, 98 F.3d at 761-62.

The documents the Petitioner attached to his petition show that his attempt at informal resolution was denied in 2013. (See Attempts at Informal Resolution, ECF No. 5 at 9-11). After the Petitioner was informed that the BOP calculated his sentence correctly, he pursued the next level of the administrative review, but after that concluded he did not pursue the final two levels of the process. Specifically, on May 22, 2013, the Petitioner filed a Request for Administrative Remedy with the Warden at the penitentiary at which he was imprisoned. (Request for Administrative Remedy to Warden, ECF No. 5 at 15). On June 4, 2013, the Warden explained to Petitioner how the BOP was calculating his sentence. The Warden informed the Petitioner: "If you are dissatisfied with this response, you may appeal to the Regional Director, Mid-Atlantic Region, 302 Sentinel Drive, Suite 200, Annapolis Junction, Maryland 20701, within 20 calendar days from the date of this response." (Warden's Administrative Remedy Response, ECF No. 5 at 16). Petitioner did not appeal the Warden's response to the Regional Director. (Declaration of Robert C. Jennings, ¶¶ 13-17, Resp's E. 1, ECF No. 10-1 at 10-12). Therefore, he failed to exhaust his available administrative remedies and Court should dismiss the petition for that reason.

3

Vasquez, 684 F.3d at 434 (district court properly dismissed federal prisoner's § 2241 petition because he failed to exhaust his administrative remedies); Garcia v. United States, 518 F.App'x 78, 79 (3d Cir. 2013) (same); Wilson v. Strada, 474 F.App'x 46, 48 (3d Cir. 2012) (same).

A habeas court may excuse a federal prisoner's failure to pursue his administrative remedies in the limited circumstance when it is shown that his efforts to exhaust would be "futile" and the goals of the exhaustion doctrine would not be promoted. See, e.g., Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005); Vasquez, 684 F.3d at 433-34 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). For example, in Woodall, a federal prisoner challenged the validity of BOP regulations that limited an inmate's placement in a halfway house to the lesser of ten percent of the inmate's total sentence or six months (28 C.F.R. §§ 570.20-21 (2005)). He did not exhaust his administrative remedies, but argued that he was not required to do so because exhaustion would be futile. The district court agreed, stating: "[E]xhaustion of administrative remedies is not required where exhaustion would not promote" the goals of the doctrine. Woodall v. Federal Bureau of Prisons, No. 05-1542, 2005 WL 1705777 * 6 (D.N.J. July 20, 2005) (citing Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) and Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)). It concluded:

> Here, it does not appear that there is any need to develop a factual record. Nor does this matter require application of the agency's particular expertise. Woodall does not challenge the application of the BOP's ten-percent rule to him, but challenges whether the ten-percent rule legally implements the statute pursuant to which it was promulgated. This is a question within the expertise of courts [under Chevron]. Accordingly, the purposes of the exhaustion requirement would not be served by requiring Woodall to exhaust his administrative remedies.

Id. The United States Court of Appeals for the Third Circuit subsequently affirmed the district court's resolution of the issue. Woodall, 432 F.3d at 239 n.2. It held that because "the purposes of exhaustion would not be served here by requiring Woodall to exhaust his administrative remedies[,]" he was excused from the requirement. Id.

4

Unlike the federal prisoner in Woodall, the Petitioner in this case is not challenging the legality of BOP regulations. Nor is he presenting an issue of statutory construction. Rather, he is challenging the BOP's application to him of the regulations and policies it applies to implement the federal sentencing statutes (18 U.S.C. § 3584(a), § 3585).[1] (See Jennings Decl., ¶¶ 6-12, Resp's E. 1, ECF No. 10-1 at 9-10). Thus, this case does not present the type of legal issue that is within the expertise of a federal court but not the BOP's. Vasquez, 684 F.3d at 433-34 ("We have held that a prisoner need not exhaust administrative remedies where the issue presented involves only statutory construction, but Vasquez asked the District Court to direct the BOP to provide him with the maximum 12-month RRC placement…. Exhaustion was required in his case, and Vasquez's habeas corpus petition properly was dismissed for failing to exhaust administrative remedies.") (internal citation omitted). And, in contrast to Woodall, where exhaustion was futile because the court could confidently predict that the petitioner would not receive relief through the administrative process since the BOP was not going to deviate from its regulations, this Court cannot with certainty predict how the BOP's Regional Director and General Counsel's Office would have ruled on the Petitioner's administrative appeal if he had filed one challenging the decisions at issue in this case.

## III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed.[2] Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and

---

[1] The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual.

[2] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, — U.S. —, 132 S.Ct. 641 (2012).

Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date listed below to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: August 19, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: The Honorable Barbara Rothstein
United States District Judge